# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COUNCILWOMAN NATALIE GREENE, COUNCILMAN PAUL FITZWATER, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | C.A. NO.: N17A-01-001 AML |
| THE CITY OF DELAWARE CITY ETHICS BOARD, | ) ) ) ) | |
| Respondent. | ) | |

Submitted: August 1, 2017
Decided: October 11, 2017

## **MEMORANDUM OPINION**


Councilwoman Natalie Greene, Councilman Paul D. Fitzwater, Pro Se.

Barrett Edwards, Esquire, of HUDSON, JONES, JAYWORK & FISHER, Dover, Delaware, Attorney for Delaware City Board of Ethics


**LeGrow, J.**

This is an appeal from the Delaware City Board of Ethics decision concerning Petitioners' violation of Delaware City Code art. IV, § 1-27(a) "Fair and Equal Treatment." The question before the Court is whether the Board's decision that Petitioners violated the Delaware City Code of Ethics was based on substantial evidence when, in their capacity as members of the City Council, Petitioners voted to lease city property to a private business at a greatly reduced rate without using a bidding process or considering alternative bids. For the reasons that follow, the Board's decision is affirmed.

## Background and Procedural History

The Jefferson Street Property at issue in this case is an undeveloped piece of city-owned land in Delaware City.[1] In May 2012, local businessman Preston Cardon offered to purchase the Jefferson Street Property from the city for his business, PSC, but the city council declined this offer.[2] In June 2015, Delaware City Councilwoman Titus moved to lease the Jefferson Street Property to contiguous property owners for no less than $600 per month, but the council never reached an agreement with any of the potential tenants.[3]

The record on appeal showed it was the city's general practice to use a formal request for proposals ("RFP"), a bidding process, when multiple prospective tenants

---

[1] Delaware City Board of Ethics Op. 1.
[2] Resp't's Br. 2.
[3] *Id.* at 2.

offered to lease the property.[4] The Delaware City Code, however, does not require the city council to use an RFP.[5]

In June 2016, Mr. Cardon gave PSC's new proposed lease for the Jefferson Street Property to Councilwoman Betty Barrett at her place of business.[6] During the city council meeting on August 15, 2016, Barrett presented PSC's proposed lease.[7] As the council debated the lease, discussion centered around why the offer was made exclusively to PSC and why an offer to lease was not extended to the public or the contiguous property owners.[8]

Titus accused Barrett of interfering with City Manager Richard Cathcart's duties to negotiate the lease, and said the negotiations violated the state Freedom of Information Act ("FOIA").[9] Cathcart later signed an affidavit saying he was responsible for negotiating leases for Delaware City.[10] Despite these concerns, a majority of the city council voted to lease the Jefferson Street Property to PSC for $300 a month.[11]

On September 13, 2016, Titus filed a complaint with the Delaware City Board of Ethics (the "Board") alleging Barrett, along with Councilwoman Natalie Greene

---

[4] *Id.*
[5] Delaware City Board of Ethics Op. 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Resp't's Br. 2.

and Councilman Paul Fitzwater, violated Article IV of the Delaware City Code when they voted to lease the Jefferson Street Property exclusively to PSC at a reduced rate.[12] Certain business and personal relationships between Mr. Cardon and Barrett, Greene, and Fitzwater were central to Titus's allegations.[13] Barrett denied having any financial or personal relationship with Mr. Cardon.[14] Greene admitted receiving campaign funds from Mr. Cardon, but denied any other connections with him.[15] Fitzwater admitted having business and social dealings with Mr. Cardon, but stated these business dealings ceased after 2004.[16]

On October 5, 2016, the Board voted to grant Greene's motion to dismiss the complaint.[17] On October 13, 2016, Titus filed a Second Amended Complaint clarifying her allegations against her fellow council members.[18]

The Board held a hearing on November 16, 2016 to consider Titus's Second Amended Complaint.[19] On December 16, 2016, the Board delivered an opinion which found Barrett, Fitzwater, and Greene violated Delaware City Code art. IV, § 1-27(a) "Fair and Equal Treatment" when they voted to lease the Jefferson Street Property to PSC without using the RFP bidding process or considering alternative

---

[12] *Id.* at 1.
[13] Delaware City Board of Ethics Op. 2-3.
[14] *Id.* at 2-3.
[15] *Id.* at 3.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

3

options.  The Board dismissed Titus's FOIA and interference allegations for failure to state a claim.[20]  Fitzwater and Greene each filed appeals contesting the Board's decision.[21]  On March 28, 2017, this Court consolidated these appeals.[22]

On appeal, Fitzwater and Greene raise five arguments.  First, they contend they did not violate Section 1-27(a) because the city council gave members of the public and contiguous property owners multiple opportunities to bid on the Jefferson Street Property between 2012 and 2016.[23]  Second, Petitioners claim Titus never accused them of violating Section 1-27(a) in her Second Amended Complaint, and this violation instead was based on the opinions of the Board.[24]  Third, Petitioners argue no evidence submitted indicated any councilmember was partial in approving the lease to PSC.[25]  Fourth, they assert the City Code does not require using an RFP bidding process, and therefore the council did not depart from its general practices.[26]  Lastly, Petitioners contend the Board did not have a quorum for the hearing and its members had "extreme" conflicts of interest.[27]

In response, the Board argues that Petitioners violated Section 1-27(a) because the council failed to use the RFP bidding process in granting the Jefferson Street

---

[20] Delaware City Board of Ethics Op. 2, 4.
[21] Barrett did not appeal the Board's decision.
[22] Order Consolidating Appeals.
[23] Pet'r's Br. 1.
[24] Pet'r's Reply Br. 3.
[25] Pet'r's Br. 1.
[26] Pet'r's Reply Br. 3.
[27] Pet'r's Br. 2-5.

Property lease to PSC at $300 a month, half the amount previously offered by or to the public.[28]

## Standard of Review

The Delaware City Code of Ethics does not include an appeals provision that prescribes a standard of review. The State Public Integrity Commission previously noted the lack of an appeals provision and recommended correcting the deficiency, though no provisions yet have been adopted.[29] Without a direct provision, the standard of review must be drawn from another body of law. The Delaware Code provides that municipal codes of conduct must be "at least as stringent" as the State Code of Conduct.[30] Noting this language, the State urged this Court to adopt the State Code of Conduct appeals procedures for purposes of this appeal. Petitioners did not oppose the application of this standard or advance an alternative standard. I therefore will apply the only standard advocated by the parties.[31]

The State Code of Conduct provides that "[t]he appeal shall be on the record without a trial de novo." "The Court's review . . . shall be limited to a determination of whether the Commission's decision was supported by *substantial evidence* on the

---

[28] Resp't's Br. 7-9.

[29] *See Local Codes of Conduct 12-39 – Delaware City Code of Conduct*, PUBLIC INTEGRITY COMM'N (2016), http://depic.delaware.gov/wp-content/uploads/sites/48/2017/02/Conduct-1991-2016-Local-Codes-of-Conduct.pdf. PIC indicated Delaware City amended its Ethics Code to correct the deficiencies, but appeals procedures are still missing from the Ethics Code.

[30] 29 *Del. C.* § 5802(4).

[31] There does not appear to be any case addressing this issue, and the standard the State proposes is that typically applied by this Court to appeals from agency decisions.

record.  The burden of proof in any such appeal shall be on the appellant." [32]  This

Court has held that:

> Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance of the evidence. It is a low standard to affirm and a high standard to overturn. If the record contains substantial evidence, then the Court is prohibited from reweighing the evidence or substituting its judgment for that of the agency. [33]

## ANALYSIS

### A. Substantial Evidence supports the Delaware City Board of Ethics decision.

Section 1-27(a) "Fair and Equal Treatment" provides "no official or employee

shall grant or make available to any person any consideration, treatment, advantage,

or favor beyond which it is the general practice to grant or make available to the

public at large."

The Board heard testimony that, although not legally required, it was the city's

general practice to use the RFP bidding process when leasing property.[34]  No parties

presented evidence during the hearing indicating that the opportunity to lease the

Jefferson Street Property was offered to any parties other than PSC.[35]  Petitioners,

through the August 15, 2016 council meeting, voted to lease the Jefferson Street

---

[32] 29 *Del. C*. § 5810A (emphasis added).
[33] *Hanson v. Delaware State Public Integrity Com'n*, 2012 WL 3860732, at *7 (Del. Super. Aug. 30, 2012) (internal quotation marks omitted).
[34] Delaware City Board of Ethics Op. 3.
[35] *Id.*

Property exclusively to PSC for $300 a month, an amount reduced from previous offers the City made.

The Board of Ethics also found the Petitioners had personal and business relationships with Mr. Cardon that cast doubt on their impartiality in considering PSC's proposed lease. The Board found those ties, coupled with Petitioners' failure to question the wisdom of leasing the Jefferson Street Property to PSC without seeking other proposals, was further evidence of Petitioners' violation of Section 1-27(a).

Based on the evidence heard by the Board during the November 16, 2016 hearing, a reasonable mind could accept as adequate the conclusion that Petitioners granted PSC better treatment than that available to the public at large. It was the city council's general practice to use the RFP bidding process, and other bidders likely would expect the council to do so in this case. Departing from that typical practice, however, a majority of the council decided to make an exclusive offer to PSC without seeking additional bidders. In addition, the Petitioners voted to approve a lease price that was half that the council previously proposed to potential tenants. It is reasonable to infer that other parties would have made bids for the property had they known the rate would be reduced so greatly. These circumstances constitute substantial evidence supporting the Board's finding that Petitioners extended PSC special treatment.

**B. The Second Amended Complaint did not constitute insufficient process.**

Petitioners contend Titus's Second Amended Complaint never accused them of violating Section 1-27(a), implying their due process rights were violated.[36] The Delaware City Code of Ethics does not require the complaint to specify the code section, but does mention other procedures to ensure fair process, such as fair hearing and representation by counsel.[37] This standard is as stringent as the Delaware Code because the Delaware Code does not require a specific citation to an alleged violation, but does guarantee a fair hearing and similar procedural protections.[38]

Titus's Second Amended Complaint made clear the essence of her accusations and provided Petitioners with enough information to contest the allegations during the hearing on November 16, 2016. Additionally, Titus's initial complaint specifically cited Section 1-27(a) as the basis of her allegations.[39] Similarly, during the Board hearing, City Solicitor Max Walton and Lauren DeLuca, Esq. represented Petitioners to assist them in the proceedings. Petitioners therefore were assured adequate process because of the specific code allegations in the initial complaint, the factual allegations in the Second Amended Complaint, and Petitioners' representation by counsel.

---

[36] Pet'r's Reply Br. 1.
[37] Delaware City Code of Ethics § 1-29(E)(4)(a).
[38] 29 *Del. C.* § 5810.
[39] Letter to Board of Ethics Chairman Konkus, Sept. 13, 2016.

### C. The Court may not consider allegations raised for the first time on appeal.

Petitioners' brief raises additional allegations that (1) the Board did not have a quorum for the hearing, and (2) members of the Board were partial because of "extreme" conflicts of interest with the parties and property involved. As a matter of appellate procedure, however, the Superior Court cannot hear the quorum or partiality issues because they were not raised in the forum from which the appeal was taken.[40]

Superior Court Civil Rule 72(g) provides that appeals shall be heard and determined by the Superior Court from the record of proceedings below, except as may expressly be provided by statute.[41] This Court cannot consider the additional allegations regarding the Board's quorum and partiality because Petitioners did not raise these allegations during the November 16, 2016 hearing and the allegations therefore are not part of the record.[42] According to the city code, the proper forum to raise these concerns is the Board and its disinterested members appointed by the mayor.[43]

---

[40] *Tatten Partners, L.P. v. New Castle County Bd. of Assessment Review*, 642 A.2d 1251, 1262 (1993), *Wilmington Trust Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).
[41] Super. Ct. Civ. R. 72(g).
[42] *Tatten Partners*, 642 A.2d at 1262, *Wilmington Trust Co.*, 415 A.2d at 781.
[43] Delaware City Code of Ethics § 1-29(E)(1), (4)(q).

## Conclusion

For the foregoing reasons, the Delaware City Board of Ethics decision is

**AFFIRMED**.  **IT IS SO ORDERED.**